HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCARSELLA BROS., INC.,

    Plaintiff,

v.

VAK CONSTRUCTION ENGINEERING SERVICES, LLC,

    Defendant.

Case No. C16-00431 RAJ

ORDER

This matter comes before the Court on Defendant VAK Construction Engineering Services, LLC's ("VAK") Motion to Compel Production of Documents. Dkt. # 21. Plaintiff Scarsella Bros., Inc. ("Scarsella") opposes the motion. For the reasons below, the Court **STRIKES in part** and **DENIES in part** VAK's motion.

Scarsella filed a lawsuit against VAK claiming damages arising out of alleged errors related to the State Route 522 bridge construction project near Monroe, Washington. Dkt. #1. On July 27, 2017, VAK filed a motion to compel, claiming that Scarsella failed to provide all documents responsive to VAK's discovery requests. VAK requested that the Court compel Scarsella to produce these remaining documents. Dkt. #21. Scarsella represented in its Response to VAK's Motion that it would produce all remaining records responsive to VAK's requests by August 11, 2017. Dkt. #24. VAK received documents from Scarsella and indicated that no order compelling discovery would be necessary if the documents received fulfilled its requests. Dkt. #26. Despite

ORDER – 1

receiving documents from Scarsella, VAK has not withdrawn its' motion to compel, and requests that the Court award VAK the costs it incurred in bringing this Motion. Dkt. #26. As neither party has indicated that Scarsella owes VAK any further document production, VAK's motion is moot to the extent that it seeks to compel production of documents. *Ryness Co. v. Builder Sales Grp., LLC*, No. C10-1096-JCC, 2011 WL 2532691, *1 (W.D. Wash. June 24, 2011).

Under Federal Rule of Civil Procedure 37, "[i]f the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court is precluded from awarding expenses if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

Scarsella claims its delayed production is substantially justified because of the "tens of thousands of documents" that had to be reviewed in order to discern which documents were responsive to VAK's requests. Dkt. #24. VAK provided several email exchanges as exhibits to its Motion which indicate that Scarsella was engaged in a "rolling document production," and that it was actively working to provide all requested documents to VAK. Dkt. #22. Considering the volume of documents that had to be reviewed and the fact that the parties have not indicated that there are any outstanding document requests, the Court finds that awarding VAK the costs incurred in making this Motion would be inappropriate.

ORDER – 2

For the reasons stated above, the Court **STRIKES in part** as moot VAK's motion to the extent it seeks to compel documents from Scarsella. The Court **DENIES in part** VAK's motion to the extent it seeks the award of reasonable expenses under Rule 37(a)(5).

DATED this 29th day of August, 2017.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3